83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Francisco CALERO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70861.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1996.*
Decided April 17, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and McKIBBEN, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Francisco Calero-Lopez, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Because the BIA expressly incorporated the IJ's decision, we review the IJ's decision along with the BIA's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). We review a denial of asylum for abuse of discretion. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). We review the IJ's factual findings for substantial evidence, and will reverse only if the evidence presented is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 5
 To qualify for asylum, Calero must demonstrate past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To establish eligibility on the basis of a "well-founded fear of persecution," Calero's fear of persecution must be both subjectively genuine and objectively reasonable. See Ghaly, 58 F.3d at 1428; Prasad, 47 F.3d at 338. The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution. Prasad, 47 F.3d at 338. The objective component requires a showing of credible, specific, and direct evidence supporting a reasonable fear of persecution. Ghaly, 58 F.3d at 1428; Prasad, 47 F.3d at 338.
 
 
 6
 Here, substantial evidence supports the IJ's determination that Calero has failed to meet his burden of proof. Calero bases his claim of a well-founded fear of persecution on: (1) having been fired from his job; (2) his home being vandalized; (3) having been publicly denounced as a Contra; (4) his arrest and month-long imprisonment, during which he was threatened with death if he were to continue opposing the Sandinistas; and (5) his belief that, despite the 1990 change in government, the Sandinistas still control Nicaragua and he will be harmed if he returns. The testimony and evidence submitted by Calero do not support an objectively reasonable well-founded fear of persecution.
 
 
 7
 With respect to his arrest and imprisonment arising out of his participation in an anti-Sandinista demonstration, Calero has not shown that he was arrested or detained because of his political opinion. The IJ found that Calero was arrested for disturbing the peace, a "nonpolitical common crime" in Nicaragua. Even assuming that the Sandinistas enacted the law against "disturbing the order and public safety" to discourage anti-government demonstrations, see Ubau-Marenco v. INS, 67 F.3d 750, 758-759 (9th Cir.1995), Calero has not established that his arrest, which he testified was part of a general effort to break up the demonstration, was an act of persecution directed at him on account of his political opinions. See INS v. Elias-Zacarias, 502 U.S. 478, 482-483 (1992); Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Calero's conclusory allegations that the arrest amounted to politically motivated persecution are unsupported by credible,[1] direct, and specific evidence. Accordingly, Calero's argument that the BIA abused its discretion in upholding the IJ's finding that his arrest was for a "nonpolitical, common crime" is without merit.
 
 
 8
 Although Calero need not present independent corroborative evidence of a specific threat to his life, see Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984), the mere allegation that a threat was made will be insufficient to establish a well-founded fear of persecution. Cf. Hernandez-Ortiz v. INS, 777 F.2d 509, 515 (9th Cir.1985); Bolanos-Hernandez, 767 F.2d at 1285. Calero, who did not mention any threats in his asylum application or affidavit, again failed to provide credible, specific evidence to support his testimony that his life would "be on the line" if he was arrested again for demonstrating against the Sandinistas. See Rodriguez-Rivera v. U.S. Dept. of Immigration and Naturalization, 848 F.2d 998, 1006 (9th Cir.1988).
 
 
 9
 Moreover, because the Sandinista regime was replaced in 1990 by a democratically elected government, Calero has been unable to show that he has a reasonable fear of future persecution. "Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution." Kazlauskas v. INS, 46 F.3d at 906 n. 3; see also Hernandez-Ortiz, 777 F.2d at 513. In light of the political change in Nicaragua, it is unlikely that Calero will face persecution upon his return. Calero's assertion that the Sandinistas still control the military in Nicaragua is insufficient to show that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994).
 
 
 10
 A reasonable factfinder would not be compelled to conclude from the evidence of Calero's arrest and detention, and the threat to his life, that Calero suffered persecution or has the requisite fear of persecution. See Prasad, 47 F.3d at 338. Calero's other allegations also do not compel such a finding. Calero's claims of a well-founded fear of persecution are further undercut by: (1) his remaining in Nicaragua for at least a month without incident following his arrest, see Rodriguez-Rivera, 848 F.2d at 1006; (2) his ability to obtain a passport and exit visa, and then leave Nicaragua without incident, see id.; and (3) the fact that his wife and children continued to live in Nicaragua after his departure without being persecuted, see Ubau-Marenco, 67 F.3d at 756 n. 4; Prasad, 47 F.3d at 339.
 
 
 11
 Finally, we reject Calero's argument that he was denied due process because the IJ did not weigh the fact that his brother received asylum in the United States in 1988. First, the record indicates that the IJ and the BIA did consider Calero's brother's immigration status, but were presented with no evidence that Calero had any reason to fear persecution because of his brother's political opinions. See De Valle v. INS, 901 F.2d 787, 791 (9th Cir.1990); see also Prasad, 47 F.3d at 340. Second, Calero is not "similarly situated" to his brother: his brother arrived in the United States between 1983 and 1985, when Calero himself was a Sandinista and the Sandinistas were still in power. As discussed above, the change in government in Nicaragua is an important factor undercutting Calero's asylum application.
 
 
 12
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Calero has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that substantial evidence supports (and Calero does not challenge) the IJ's adverse credibility finding relating to Calero's arrest and detention because his testimony was significantly inconsistent with the information he set forth in his asylum application and affidavit. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992); Ceballos-Castillo v. INS, 904 F.2d 519, 520-21 (9th Cir.1990)